<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID GONZALEZ,** | |
| **Plaintiff,** | Civil Action No. 15-207 (ES) (JAD) |
| **v.** | **OPINION** |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION AS TRUSTEE FOR FANNIE MAE GUARANTEED REMIC PASS-THROUGH CERTIFICATES FANNIE MAE REMIC TRUST 2007-16, et. al,** | |
| **Defendants.** | |

SALAS, DISTRICT JUDGE

This matter comes before the Court on Defendants' motion to dismiss the Complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  (D.E. No. 16).  The Court has considered Defendants' submission in support of the instant motion and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, the Court grants Defendants' motion and dismisses the Complaint *without prejudice*.

I.   **Factual and Procedural Background**

On January 9, 2015, Plaintiff David Gonzalez instituted this action by filing the Complaint. (D.E. No. 1).  On February 27, 2015, Defendants filed an Answer to the Complaint.  (D.E. No. 3). On May 5, 2015, a Scheduling Conference was held before Magistrate Judge Joseph A. Dickson. (D.E. No. 4).  Both parties attended the Scheduling Conference.  Also on May 5, 2015, Judge Dickson issued a Pretrial Scheduling Order, in which he ordered the parties to attend a Status

Conference on July 20, 2015.  (D.E. No. 12).  Plaintiff failed to attend the conference.  (D.E. No. 14).  As a result, Judge Dickson ordered the parties to attend a rescheduled Status Conference to September 23, 2015.  (*Id.*).  On or about September 23, 2015, Plaintiff contacted Judge Dickson and requested that the September 23, 2015 Status Conference be adjourned.  (D.E. No. 15).  Judge Dickson granted Plaintiff's request and rescheduled the Status Conference for October 1, 2015. (*Id.*).  The Court has been advised that Plaintiff yet again failed to attend.

On December 11, 2015, Defendants filed the instant motion to dismiss for failure to prosecute.  (D.E. No. 16).  As of this date, Plaintiff has failed to oppose or otherwise respond to the motion.  Indeed, the Court has no indication that Plaintiff has participated in this case in any meaningful way since requesting the adjournment of the status conference on September 23, 2015.

## II.    Discussion

Defendants argue that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to participate in the litigation.  (*See* D.E. No. 16-2, Memorandum of Law in Support of Defendants' Motion to Dismiss Action with Prejudice for Failure to Prosecute ("Def. Mov. Br.") at 3-7).

To determine whether to dismiss a plaintiff's action pursuant to Rule 41(b), the Third Circuit has set forth six factors that must be considered.  *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (setting forth "*Poulis* factors").  Defendants contend that, on balance, a consideration of the six *Poulis* factors weighs in favor of dismissal.  (Def. Mov. Br. at 5-7).  Based on the following analysis of each *Poulis* factor, the Court agrees with Defendants.

### A.  The extent of the party's personal responsibility

Since attending the initial Scheduling Conference on May 5, 2015, Plaintiff has failed to attend two Status Conferences.  Plaintiff has provided no excuse for his absences, despite being

notified that his attendance was required on each occasion.  (*See* D.E. Nos. 12, 15).  The Court notes that Plaintiff was clearly aware of these dates, as one Status Conference was in fact rescheduled at Plaintiff's explicit request.  (*See* D.E. No. 14).

Furthermore, because Plaintiff is proceeding *pro se*, he alone is responsible for his failure to follow Judge Dickson's order to attend the conferences.  *See Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) ("[A] pro se plaintiff is responsible for his failure to attend a pretrial conference or otherwise comply with a court's orders").  As such, the Court finds that the first *Poulis* factor weighs in favor of dismissal.[1]

### B.  Prejudice to the adversary

Plaintiff's failure to explain his continued absence from these Court-ordered conferences suggests that he is no longer diligently pursuing this action.  Indeed, Defendants argue that Plaintiff's inaction has led to delays in the discovery process and needlessly increased attorneys' fees.  (Def. Mov. Br. at 5).  This uncertainty in the litigation is compounded by the fact that Plaintiff has provided no indication as to when, or whether, he may resume his participation in this case. As such, the Court finds that the second *Poulis* factor weighs in favor of dismissal.

### C.  A history of dilatoriness

Plaintiff's conduct reflects a history of non-compliance with court orders in this case. Plaintiff has indicated general awareness of the proceedings by attending the initial Scheduling Conference, (D. E. Dated 5/5/2015), as well as requesting one adjournment of a Status Conference,

---

[1] The Court is mindful that *pro se* plaintiffs sometimes lack knowledge of procedural rules or may be unaware of the proper methods of communication with courts in this District.  However, to the extent that Plaintiff may have a valid reason for his inability or unwillingness to attend either conference, his communication with Judge Dickson regarding the adjournment of the September 23, 2015 Status Conference indicates that Plaintiff was, at the very least, aware of an available avenue to explain his conduct to the Court.  Because Plaintiff nevertheless failed to provide such an explanation, it is clear that a lack of legal training or sophistication alone cannot excuse Plaintiff's conduct in this case.

3

(D.E. No. 15).  However, his unexplained failures to attend subsequent conferences on July 20, 2015 and October 1, 2015 suggest a pattern of non-compliance with court orders in this case.  As such, the Court finds that the third *Poulis* factor weighs in favor of dismissal.

### D.  Whether the attorney's conduct was willful or in bad faith

As noted above, Plaintiff is proceeding *pro se*.  Plaintiff's willful disregard for Judge Dickson's orders is suggested by his failure to explain his second absence from a court-ordered status conference, despite the fact that it was rescheduled at his personal request.  (*See* D.E. No. 15).  The fact that Plaintiff waited until immediately prior to the conference itself to request the adjournment further suggests bad faith.  The Court finds that the fourth *Poulis* factor thus weighs in favor of dismissal.

### E.  Alternative sanctions

Plaintiff has seemingly had no contact with either the Court or opposing Counsel since the September 23, 2015 adjournment request—nearly a year ago.  As noted above, Plaintiff's absence since that date has led to, *inter alia*, non-compliance with Judge Dickson's order to attend a conference on October 1, 2015, (D.E. No. 15), and failure to oppose to the present motion to dismiss, (D.E. No. 16).  The Court has no reason to believe that any sanctions short of dismissal would be of any avail—indeed, Plaintiff's continued absence has effectively nullified the Court's ability to impose any alternative sanction in the first place.  The Court thus finds that the fifth *Poulis* factor weighs in favor of dismissal.

### F.  Meritoriousness of the claim

Defendants argue that the Complaint "is replete with conclusory, vague and often incomprehensible allegations." (Def. Mov. Br. at 6).  However, neither side has yet presented substantive argument on the merits of Plantiff's allegations.  Furthermore, as Defendants note,

Plaintiff's prolonged absence from the litigation has prevented Defendants from developing a more complete understanding of the allegations against them.  As such, the Court is not prepared to make a determination as to the meritoriousness of Plaintiff's allegations at this stage.  The Court thus finds that the sixth factor does not weigh in favor of dismissal.

## III.    Conclusion

On balance, the Court concludes that the *Poulis* factors weigh in favor of dismissing this action.  *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint.  Instead, the decision must be made in the context of the district court's extended contact with the litigant.  Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion . . . ." (citation omitted)).[2]

Accordingly, the Court finds that the sanction of dismissal is warranted, and exercises its discretion to dismiss the Complaint *without prejudice*.  *Griffin v. U.S. Postal Serv.*, 480 F. App'x 168, 170 (3d Cir. 2012) (upholding district court's dismissal of *pro se* plaintiff's complaint without prejudice due to failure to prosecute and failure to follow court orders).

An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] Although the Court has conducted a Poulis analysis in this case, such analysis is rendered unnecessary "when a litigant's conduct makes adjudication of the case impossible."  *Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010).  Here, Plaintiff's absence from the litigation has indeed made adjudication on the merits impossible, seemingly obviating the need for a *Poulis* analysis.  Nevertheless, in an abundance of caution and in light of Plaintiff's *pro se* status, the Court conducted the above *Poulis* analysis and found that it weighs in favor of dismissal.

Furthermore, the Court notes that Defendants allege numerous discovery violations and deficiencies as further justification for dismissal of the action pursuant to Rule 41(b).  (*See* Def. Mov. Br. at 2-3, 6).  However, Defendants have not indicated any attempt to raise their discovery-related grievances to Judge Dickson prior to filing the present dispositive motion.  As such, while Plaintiff's alleged discovery violations may provide further grounds for sanctions under Rule 41(b), the Court did not considered them in support of dismissal of this action.